# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNETH HOUCK, # 06743-015,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **USA,** ) <br> **RANDALL PASS,** ) <br> **FEDERAL BUREAU of PRISONS,** ) <br> **MS. BAGWELL,** ) <br> **LESLIE BROOKS,** ) <br> **and MS. HARBISON,** ) <br> ) <br> **Defendants.** ) | Case No. 17-cv-474-JPG |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for case management. On May 4, 2017, following the Memorandum and Order entered in *Houck v. USA, et al.*, Case No.16-cv-1396-JPG (Doc. 1 in the instant case), this matter was severed from the original case. Plaintiff, who is an inmate at the USP-Marion, filed the original action in this Court on December 29, 2016. The claims in this action are now before the Court for a merits review pursuant to 28 U.S.C. § 1915A.

In the May 4, 2017, order (Doc. 1), the undersigned Judge designated the claims that were severed into this action as follows. For clarity, the original numbering of the claims shall be retained in this action.

> **Count 10:** Eighth Amendment claims for deliberate indifference to serious medical needs (identified in the Complaint as Counts 11, 14, and 15) against PA Brooks, Pass, Harbison, and Bagwell, for discontinuing and/or withholding necessary prescription medication, and withholding and/or denying treatment recommended by a specialist, including Plaintiff's cane;
>
> **Count 11:** Tort claim for medical negligence and willful and wanton misconduct

1

relating to Plaintiff's medical needs (identified in the Complaint as Counts 7, 16, and 17) against the United States, for allowing improper psychological referrals to be made by Meade and for denying medication and treatment;

**Count 12:** Claim under the Privacy Act (5 U.S.C. § 552a(e)(5)) (identified in the Complaint as Count 10) against the Bureau of Prisons, for failing to accurately document Plaintiff's pain, deformities, and other conditions in his medical records;

**Count 13:** Claim under the Rehabilitation Act (29 U.S.C. § 701) (identified in the Complaint as Count 13) relating to the denial of medical treatment.

As shall be discussed below, some of the claims in Count 10 survive threshold review under § 1915A, and shall proceed for further review in this action. Counts 11, 12, and 13 shall be dismissed.

### The Complaint (Doc. 2)

The allegations in the Complaint which relate to Counts 10-13 appear on pages 27-33 of the pleading. They may be summarized as follows.

Plaintiff has several medical conditions: Hammertoe syndrome (HTS), "drop-foot," and restless leg syndrome with periodic limb movement (RLS-PLM). These disorders cause him significant pain. Prior to his arrival at Marion, Plaintiff's HTS diagnosis had been recognized by medical staff at his previous prison(s). Prison medical official(s) had given approval for Plaintiff to have a consultation with outside specialists regarding possible treatment – but those consultations were then cancelled by a doctor at Englewood (Dr. Kraus, who is not a Defendant herein).

The Marion medical department did not recognize the severity of Plaintiff's HTS condition, did not realize that he had previously been approved for outside consultations, and ignored his need for pain treatment. (Doc. 2, p. 27). Plaintiff did receive Elivil for pain while at Marion, but it was not effective. Additionally, in September 2015, Harbison and Bagwell

2

(Health Care Administrators) took away the cane that Plaintiff's surgeon had prescribed for him. The reason that Harbison and Bagwell took away the cane was because Plaintiff occasionally did not use it – but Plaintiff contends his surgeon told him to go without it when he could, in order to strengthen his foot and slow the progression of his drop-foot condition. (Doc. 2, p. 28).

Plaintiff consulted PA Brooks several times regarding the pain in his toes from HTS, but no new treatment was attempted. Plaintiff tried to see Dr. Pass (clinical director) about the HTS several times without success. He was finally referred to a podiatrist in August 2016, who recommended he see a nerve specialist for pain, attend Pain Management, see an orthopedic surgeon for the non-union of his tibia and fibula, and undergo corrective surgery for the HTS. (Doc. 2, pp. 29, 32). None of these recommendations have been followed, however, and Plaintiff was notified that the referral for surgery was denied. (Doc. 2, p. 32).

Plaintiff continues to have serious, chronic pain on a daily basis from these medical conditions. Plaintiff claims that the BOP failed to properly treat him, and Dr. Pass "knew or should have known" that his serious medical needs were not being treated. (Doc. 2, p. 30).

Plaintiff's RLS-PLM, a progressive disease, causes intense spasms and pain in his legs and arms, which may last for 4 hours. (Doc. 2, pp. 30-31). These symptoms, which have worsened over time, had been effectively treated with Pramipexole for several years. In August 2015, when Plaintiff arrived at Marion, he was given Pramipexole. However, this medication was suddenly discontinued on June 2, 2016, while Plaintiff was in the SHU. It is not clear when or if this prescription was restored. (Doc. 2, pp. 31-32).

Plaintiff seeks monetary damages for the violations of his rights. (Doc. 2, p. 41).

**Merits Review of Counts 10-13 Pursuant to 28 U.S.C. § 1915A**

As explained in the order at Doc. 1, under § 1915A, the Court is required to screen

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## Count 10 – Deliberate Indifference to Serious Medical Needs

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff's conditions of hammertoe syndrome, drop-foot, and restless leg syndrome

with periodic limb movement cause him significant pain and impair his mobility on a daily basis. The Complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether Plaintiff's prison medical providers acted or failed to act with deliberate indifference to a known risk of serious harm.

Plaintiff alleges that administrators Harbison and Bagwell revoked his permission to use his cane as a mobility aid. The cane had been prescribed some time before Plaintiff's arrival at Marion, apparently by a surgeon who had treated him in the past. Plaintiff asserts that he needs the cane for mobility much of the time, but that he occasionally would refrain from using it (on the advice of his previous doctor) in order to slow the progression of his drop-foot condition. Plaintiff argues that Harbison and Bagwell do not have sufficient medical training to judge whether Plaintiff had a medical need for the cane, but instead took it away because they wanted to "hassle" him, and learned that he had been observed walking without the cane. (Doc. 2, p. 28). At this stage, Plaintiff has sufficiently pled a claim for deliberate indifference against Harbison and Bagwell, for preventing Plaintiff from using his cane. Therefore, **Count 10** shall proceed against them for further review.

There are two other significant portions of Plaintiff's deliberate indifference claim: (1) the discontinuation of his prescribed Pramipexole medication and the failure to prescribe effective pain medication; and (2) the failure to follow through on any of the treatment or surgical consultations recommended by the outside podiatrist in August 2016. Both of these matters could support a deliberate indifference claim against the official(s) responsible for the discontinuation or denial of treatment. However, Plaintiff's Complaint does not sufficiently identify the person(s) who made those decisions regarding treatment. For example, Plaintiff states that "medical staff" report that Elivil is sufficient to manage his pain, when in fact it has

5

not been effective. (Doc. 2, p. 28). Plaintiff unsuccessfully sought pain relief through sick call but does not identify who refused to approve other medications (Doc. 2, p. 29), and he does not identify the person(s) who discontinued his Pramipexole. (Doc. 2, pp. 30-32). He states that his referral for surgery was denied, but does not say who made that decision. (Doc. 2, pp. 32-33).

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). A *Bivens* action is the federal equivalent of a § 1983 civil rights action, so the same rule applies in the instant case. *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (collecting cases). Therefore, in order to state a civil rights claim against a defendant, a plaintiff must describe what each named defendant did (or failed to do), that violated the plaintiff's constitutional rights.

In the instant Complaint, Plaintiff describes several interactions with PA Brooks, but none of his allegations support a deliberate indifference claim against her. When Plaintiff sought help for his painful toes, Brooks responded that she would consult Dr. Pass to see if he "wants to do something." (Doc. 1, p. 28). After the orthopedic surgeon consultation was denied, Plaintiff asked Brooks for an explanation, but she said that "she had no 'reject reason' listed," indicating that she was merely reporting a decision made by another person, which was reflected in Plaintiff's files. (Doc. 2, p. 33). Nothing in the Complaint indicates that Brooks herself denied pain medication, surgical consultation, or other recommended treatment.

Turning to Dr. Pass, the Complaint does not indicate whether Plaintiff actually had a medical visit with this doctor, nor does it indicate what decision-making role Dr. Pass may have

6

had regarding the prescriptions or specialist treatment. Plaintiff makes only one allegation regarding Dr. Pass, which is: "The Clinical Director, Dr. Pass, knew, or should have known, that the Plaintiff's serious medical needs were going unattended and no further treatment, then or in the future, was planned or discussed." (Doc. 2, p. 30). This conclusory statement is not sufficient to support a claim of deliberate indifference to Plaintiff's medical needs against Dr. Pass, because the Complaint fails to set forth facts to demonstrate what Dr. Pass actually knew about Plaintiff's medical conditions, and does not state what Dr. Pass did or failed to do despite whatever knowledge he had regarding Plaintiff's serious medical needs.

Plaintiff references "the BOP" as being at fault for the failure to treat his medical conditions. However, he cannot bring a constitutional claim for deliberate indifference against the Federal Bureau of Prisons. The BOP is a governmental unit, not an individual. Only individual persons may be sued in a civil rights action brought pursuant to *Bivens*. *See FDIC v. Meyer*, 510 U.S. 471, 475; 483-86 (1994) (sovereign immunity shields the federal government from suit absent a waiver; a *Bivens* action permits suit only against an individual who is an agent of the federal government). Therefore, all civil rights claims against the Federal Bureau of Prisons shall be dismissed with prejudice.

To summarize, Plaintiff has failed to state a deliberate indifference claim upon which relief may be granted against Brooks or Pass, therefore, they shall be dismissed from **Count 10** without prejudice. Only the claims against Harbison and Bagwell regarding the removal of Plaintiff's cane shall proceed under **Count 10** at this time.

**Dismissal of Count 11 – Federal Tort Claim over Medical Treatment**

As Plaintiff was informed in the order at Doc. 1, the United States of America is the only proper Defendant in an action brought pursuant to the Federal Tort Claims Act ("FTCA"). *See*

28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). Here, Plaintiff's tort claim includes allegations that he was the victim of medical negligence and willful and wanton misconduct. Specifically, medical and/or mental health staff allowed psychological determinations to be made by an employee (Meade) of Marion's Education Department and incorporated into his medical/mental health records, despite Meade's lack of credentials in medicine or mental health. (Doc. 2, p. 37). Further, Plaintiff was improperly denied his prescribed Pramipexole, denied adequate medication for pain, and denied surgery and other treatment recommended by a specialist. (Doc. 2, pp. 39-40).

State law tort claims for medical negligence or malpractice are cognizable under the FTCA. The FTCA constitutes a limited waiver of the Government's sovereign immunity. It gives federal courts exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). The FTCA allows the United States to be held liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674; *see United States v. Muniz*, 374 U.S. 150, 153 (1963); *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013), *cert. denied*, 135 S. Ct. 53 (2014). To determine how a private individual would be treated, the Court must apply the substantive law of the state where the act or omission occurred. *Meyer*, 510 U.S. at 478; *Augutis*, 732 F.3d at 752. The acts or omissions alleged in this case occurred at USP-Marion, therefore Illinois substantive law applies.

When a plaintiff sues the United States for the medical negligence of its employees in Illinois, he must follow the requirements that apply to all plaintiffs who bring such a suit. Illinois law requires that a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the Complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit(s) or report(s) of a qualified health professional. Therefore, the federal tort claim in **Count 11** shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 45 days to file the required affidavit(s), if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed, in accordance with the applicable section of §5/2-622(a). Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of **Count 11** may become a dismissal **with prejudice.** *See* FED. R. CIV. P. 41(b).

### Dismissal of Count 12 – Privacy Act

For this claim, Plaintiff asserts that the Bureau of Prisons has violated the Privacy Act (5 U.S.C. § 552a(e)(5)), because employees failed to accurately document Plaintiff's pain, deformities, and other conditions in his medical records. (Doc. 2, p. 38). He claims that his medical records do not reflect the severity of his pain, or that this pain affects him every day without any relief. He believes that these deficiencies in his medical records have indirectly caused medical staff to fail to treat or cure his ailments. *Id.*

This claim does not survive § 1915A review, for the same reasons as the Court explained in the order at Doc. 1, with reference to Count 6 in the original action.

The Privacy Act provides for a private cause of action where an individual may recover monetary damages for a violation. 5 U.S.C. § 552a(g)(1). However, the BOP, as a law

enforcement agency, has exercised its statutory option to exempt a number of its records from certain Privacy Act requirements. *See* 5 U.S.C. § 552a(j) (authorizing agencies to make exemptions); 28 C.F.R. § 16.97(a); (j) (listing BOP's exempt records); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam) ("The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5)."). *See also Blackshear v. Lockett*, 411 F. App'x 906, 908 (7th Cir. 2011) (damages remedy is no longer available after BOP adopted exemptions to Privacy Act). The exempt BOP records include the Inmate Physical and Mental Health Record System as well as the Inmate Central Records System. As a result of these exemptions, a plaintiff wishing to bring suit based on inaccurate or substandard recordkeeping by the BOP no longer has a remedy in court, and cannot recover damages. *See Martinez*, 444 F.3d at 624 (upholding dismissal of Privacy Act claims against BOP because Inmate Central Record System was exempt from the Privacy Act's accuracy requirement); *Earle v. Holder*, 815 F. Supp. 2d 176, 181-82 (D.D.C. 2011), *aff'd*, No. 11-5280, 2012 WL 1450574 (D.C. Cir. Apr. 20, 2012).

Under this authority, Plaintiff's Privacy Act claim in **Count 12** regarding inaccuracies in his medical records fails to state a claim upon which relief may be granted, and shall be dismissed with prejudice.

### Dismissal of Count 13 – Rehabilitation Act

Finally, Plaintiff raises the following claim:

> Plaintiff asserts his rights and protections afforded him according to the AMERICAN REHABILITATION ACT (29 U.S.C.S. § 701 et seq.) were TORTIOUS violations where the Plaintiff avers the defendants and facts and are adopted and incorporated from paragraphs 189 . . . [through] . . . 288[.]

(Doc. 2, p. 39, labeled as "Count Thirteen"). The paragraphs referenced above by Plaintiff encompass all of his allegations relating to his medical conditions and claimed lack of proper

treatment.  This claim shall be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

In general, in order to state a claim under the Rehabilitation Act, a prisoner must allege that (1) he is a qualified person (2) with a disability and (3) the agency receiving federal funds denied him access to a program or activity "solely by reason of her or his disability[.]"  *See* 29 U.S.C. § 794(a); *Wis. Cmty. Serv. v. City of Milwaukee*, 465 F.3d 737, 746 (7th Cir. 2006).

Federal prisoners may assert claims under the Rehabilitation Act arising from incarceration in a federal prison.  However, if a branch of the federal government (here, the Federal Bureau of Prisons) is found to have violated the Rehabilitation Act, the remedies available to a federal prisoner-plaintiff are limited to declaratory and/or injunctive relief; money damages are not available.  *See Lane v. Pena*, 518 U.S. 187, 195 (1996) (Congress did not waive the federal government's sovereign immunity against monetary damage awards "beyond the narrow category of § 504(a) violations committed by federal funding agencies acting as such – that is, by 'Federal provider[s]'"); *see also Sarvis v. United States*, 234 F.3d 1262 (2d Cir. 2000) (former federal prisoner could not obtain money damages against the BOP pursuant to the Rehabilitation Act because BOP was not acting as a "Federal provider" within the meaning of the Act); *LaFaut v. Smith*, 834 F.2d 389, 394-95 (4th Cir. 1987) (the only remedies available against the BOP for a violation of the Rehabilitation Act were declaratory and injunctive relief).

In the case at bar, Plaintiff's Complaint seeks only damages, not equitable relief.  For this reason alone, the Rehabilitation Act claim fails – thus there is no need for the Court to analyze at this time whether Plaintiff's factual allegations could support potential equitable relief under the Rehabilitation Act.  *See Cuco v. Fed. Med. Ctr.-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *42 (E.D. Ky. June 9, 2006), *aff'd and remanded sub nom. Cuco v. Fed. Med. Ctr.,*

*Lexington*, 257 F. App'x 897 (6th Cir. 2007) (prisoner failed to state a cognizable Rehabilitation Act claim where only money damages were requested).

Accordingly, **Count 13** shall be dismissed, without prejudice, for failure to state a claim upon which relief may be granted. Because no claims remain in this action against the Federal Bureau of Prisons, that Defendant shall also be dismissed.

### **Pending Motions**

Plaintiff has moved the Court to stay the proceedings (Doc. 7). He explains that he anticipates being housed in a halfway house/Residential Reentry Center ("RRC") soon, for a period of up to 11 months. However, he has been told by his case manager that if he would be required to appear in court during his RRC stay, he will not be placed in an RRC after all, and instead would remain in prison. (Doc. 7, pp. 1-2). Plaintiff contends that a denial of his already-approved RRC transfer would constitute retaliation for his litigation activity. Plaintiff also filed similar motions in his other pending cases before this Court, *Houck v. Baird, et al.*, Case No. 16-cv-1268-JPG-SCW (Doc. 24); and *Houck v. Lang, et al.*, Case No. 16-cv-1396-JPG-DGW (Doc. 17).

Consistent with the disposition of Plaintiff's motions to stay in his other cases, the motion to stay (Doc. 7) is **DENIED**. This case is in the early stages of litigation; the Defendants have not yet been served let alone filed any response or appearance. No hearings have been set which would require Plaintiff's presence in Court, and a scheduling order has yet to be entered in this case. Therefore, no circumstances presently exist that would indicate a stay is necessary.

As Plaintiff was previously informed, if he believes that some retaliatory action is taken against him and he wishes to litigate that matter, he would have to file a new lawsuit after first exhausting his administrative remedies, because the anticipated act of retaliation is unrelated to

13

the claims he is litigating in the case at bar, and involves an individual who is not a party to this action.

Plaintiff's motion for recruitment of counsel (Doc. 9) shall be referred to the United States Magistrate Judge for further consideration.

### Disposition

**COUNT 11** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, due to lack of compliance with the affidavit/certificate of merit requirements of 735 ILL. COMP. STAT. §5/2-622.

**COUNT 12** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**COUNT 13** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Defendants **UNITED STATES of AMERICA, PASS, FEDERAL BUREAU of PRISONS,** and **BROOKS** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to move the Court to reinstate the federal tort claim for medical malpractice/negligence and willful and wanton conduct in **COUNT 11** against the **USA**, Plaintiff shall file the required affidavit(s) pursuant to 735 ILL. COMP. STAT. §5/2-622, within 45 days of the date of this order (**on or before August 7, 2017**). Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 11** may become a dismissal **with prejudice**.

With reference to the remaining claims in **COUNT 10, t**he Clerk of Court is

**DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **BAGWELL** and **HARBISON**; the Clerk shall issue the completed summons. The service packet shall include the Complaint (Doc. 2), the Memorandum and Order at Doc. 1, and this Memorandum and Order. The United States Marshal **SHALL** serve Defendants **BAGWELL** and **HARBISON** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[2] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint, the Memorandum and Order at Doc. 1, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, the Memorandum and Order at Doc. 1, and this Memorandum and Order.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

---

[2] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 9).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 22, 2017**

> *s/J. Phil Gilbert*
> United States District Judge